IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                           CRIMINAL ACTION NO. 2:20-cr-00199

BRANDON COOPER,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's *Motion for District Court Review of Magistrate Judge's Detention Ruling* (Document 22) and the *Response of the United States in Opposition to Defendant's Motion for District Court Review of Magistrate Judge's Detention Ruling* (Document 25). In addition, the Court has reviewed Magistrate Judge Dwane L. Tinsley's *Order of Detention Pending Trial* (Document 13), the Magistrate Judge's *Order* (Document 20) denying the Defendant's motion to revoke detention ruling, the *Pretrial Services Report* (Document 11), and the *Transcript of Preliminary Hearing and Detention Hearing* (Document 14). For the reasons stated herein, the Court finds that detention is appropriate and the motion must be denied.

**FACTS AND PROCEDURAL HISTORY**

The Defendant, Brandon Cooper, was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2) via a criminal complaint on October 9, 2020.

An indictment was returned on November 17, 2020. Magistrate Judge Tinsley held a detention hearing on October 19, 2020.

An officer with the DEA task force described the search of Mr. Cooper's residence, during which officers located three loaded firearms, ammunition, a steel-plated vest, marijuana, and material commonly used to package marijuana. Mr. Cooper and his fiancé were both present at the time of the search and both were detained. Mr. Cooper was mirandized and gave a statement, during which he admitted that the guns belonged to him. He indicated that he purchased the firearms on the street for protection because of a "beef with guys from out of town" who are "shooters." (Tr. at 14::2-3.) Mr. Cooper's fiancé testified that she would act as a third-party custodian, report any bond violations, and ensure that he attended any hearings or meetings with his attorney or probation officer. However, she invoked the Fifth Amendment and refused to answer questions about her awareness of the presence of firearms in the home. His manager at the 7-11 where he was employed testified that he was one of her best, most reliable employees, and she would enthusiastically retain him if he were released.

The Pretrial Services Report sets forth Mr. Cooper's criminal history. He was convicted of assault in 2002. In 2003, he was convicted of fleeing and two counts of carrying a concealed weapon and received a 12-month sentence, which was suspended in favor of probation. In 2006, he was charged in state court with drug-related felonies and released on bond. He had a bond violation, was re-released on bond, and later placed on home confinement. A warrant was issued for his failure to appear on April 4, 2007, and he was arrested on September 8, 2007. The state charges were later dismissed. He was charged federally with possession with intent to distribute five grams or more of cocaine base and carrying a firearm during and in relation to a drug

trafficking crime, to which he pled guilty on December 12, 2007. He was sentenced to two consecutive terms of 60 months of imprisonment, to be followed by a four year term of supervised release. His term of supervised release commenced on February 5, 2016, and he was granted early termination on January 2, 2018. He was charged with DUI on May 5, 2020 and released on bond. The charge remains pending.

In oral findings, Judge Tinsley stated that the weight of the evidence against Mr. Cooper was strong, and considered his consistent employment history, history of substance abuse, criminal history including prior drug and firearm convictions. He emphasized that Mr. Cooper had an instance of failing to appear while on bond with home confinement. He found that Mr. Cooper might be involved in a drug and/or gang related dispute, finding that "if he's involved in drug trafficking and needs weapons for protection, that casts a different light on this situation in terms of this defendant being released on bond because with that type of activity, if it's going on, this defendant does pose a danger to himself and to others in the community." (Tr. at 51::16-22.) He further concluded that the home shared with his fiancé would not be an appropriate residence because of her unwillingness to answer questions about her knowledge that Mr. Cooper possessed firearms in the home.

In a written detention order, Judge Tinsley noted the weight of evidence, prior criminal history, substance abuse history, and prior instance of failure to appear. He noted the three loaded weapons, Mr. Cooper's prior gang membership, his concerns about protection and an ongoing dispute, as well as evidence suggestive of drug trafficking. Judge Tinsley again expressed concern with his fiancé's refusal to answer certain questions and the suitability of their home as an appropriate residence.

In another written order following the Defendant's motion to revoke the detention order, Judge Tinsley further explained his reasoning, noting his finding by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any person and the community, as well as his finding, by a preponderance of the evidence, that no condition or combination of conditions would reasonably assure his appearance. He emphasized the three loaded weapons, the prior gang membership and beef with out of state individuals, the Defendant's expressed need for weapons for protection, the prior convictions for fleeing, carrying a dangerous weapon, possession with intent to distribute, carrying a firearm in connection with a drug offense, and the prior arrest warrant for failure to appear. In response to arguments regarding the COVID-19 pandemic, he noted that the Defendant had not presented evidence of either his own health conditions that would elevate his risk or current conditions at South Central Regional Jail.

## STANDARD OF REVIEW

The Magistrate Judge's order details the law governing release or detention pending trial as contained in 18 U.S.C. § 3142. This Court reviews that order de novo, pursuant to 18 U.S.C. § 3145(a)(1). *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (unpublished) ("When the district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions of release."). The Defendant seeks review of the detention order pursuant to 18 U.S.C. § 3145(b), which permits a person ordered detained by a magistrate judge to seek review with the court having original jurisdiction over the offense. The United States sought detention pursuant to 18 U.S.C. § 3142(f)(1(E) because the case involves a firearm. Under 18

4

U.S.C. § 3142(e)(1), detention shall be ordered if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." Courts are to consider the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. §3142(g).

## DISCUSSION

The Defendant urges the Court to revoke the detention order and release him on bond. He concedes that the weight of the evidence against him is strong and that he has prior criminal history, but contends that his offense does not involve violence or threats, that there is no evidence of current gang involvement, and that there is insufficient evidence to conclude he is involved in drug trafficking. He emphasizes that his most recent term of supervised release was terminated early because of his compliance, that he has stable employment and residence, that he has lifelong community and family ties to this district, and that he made no attempt to evade law enforcement

5

and was compliant during his arrest. He also notes the heightened risk of contracting COVID-19 in jail.

The United States argues that Judge Tinsley correctly concluded that Mr. Cooper poses a risk of non-appearance and that he presents a risk of danger to others and the community. It notes the three loaded firearms, ammunition, and substantial quantities of marijuana found in the residence and argues that the weight of evidence against Mr. Cooper is overwhelming, citing his mirandized admission that the guns were his and that he knew he was a felon and should not have them. It argues that Judge Tinsley correctly weighed Mr. Cooper's conduct, criminal history, and history of failing to appear against his employment and successful previous term of supervised release to conclude that detention is necessary to protect the public and assure his appearance.

Following review of the evidence submitted during the detention hearing, the Court finds, by clear and convincing evidence, that there are no conditions of release for Mr. Cooper that would assure the safety of other individuals and the community. He possessed multiple loaded firearms and quantities of ammunition, which he indicated he needed for protection against individuals he is involved in a dispute with, who he worried would seek to shoot him. In short, he was prepared for a shootout. His release under the circumstances presents a risk to himself, his girlfriend, and any community member in the vicinity. He has an extensive history of firearms offenses, as well as other offenses. He completed a 10-year sentence for drug and gun offenses in 2016 and received early termination of his supervised release in 2018, but appears to have again become involved in criminal activity.

The Court also finds by clear and convincing evidence that Mr. Cooper poses a risk of non-appearance, given his previous arrest warrant issued for failing to appear for a court date. He was

on home confinement at the time of that violation. As such, the Court finds that no conditions or combination of conditions would reasonably assure his appearance. His extensive ties to the district and consistent employment history are simply insufficient to outweigh the weight of the evidence, nature and circumstances of the offense, and criminal history.

The Court is also cognizant of the increased risk of transmission of COVID-19 in jails and prisons, and has considered the risk posed by detention, both to Mr. Cooper and to others in the community. However, there is no evidence that he has any health conditions that render him particularly vulnerable to serious illness. Given the Court's findings that his release would present a danger to others and the community and that no conditions would adequately assure his appearance, the Court finds that detention is warranted.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Defendant's *Motion for District Court Review of Magistrate Judge's Detention Ruling* (Document 22) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Tinsley, Magistrate Judge Aboulhosn, the Defendant and counsel, the United States Attorney, the United States Probation Office, and the Office of the United States Marshal.

ENTER:    November 23, 2020

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA